# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DR. F. VICTOR RUECKL,<br><br>    Plaintiff(s),<br><br>v.<br><br>INMODE, LTD.,<br><br>    Defendant(s). | Case No.: 2:19-cv-02186-KJD-NJK<br><br>**Order**<br><br>[Docket No. 30] |

Pending before the Court is Defendant's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 30; *see also* Docket No. 10 (motion to dismiss). Plaintiff filed a response in opposition. Docket No. 33. Defendant filed a reply. Docket No. 35. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). When

the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved. *E.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013).

A stay of discovery is warranted here. First, resolution of the motion to dismiss in Defendant's favor would be case-dispositive. Second, jurisdictional discovery is not available as a matter of course, *e.g.*, *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995), and the most prudent approach is for the availability of such discovery to be directed to the assigned district judge, *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *2 (D. Nev. Apr. 8, 2015). The theoretical possibility that jurisdictional discovery might be permitted in the future is not sufficient to require discovery to move forward at this juncture. Third, and finally, the Court finds the motion to dismiss sufficiently likely to succeed to warrant a stay of discovery. *See, e.g.*, *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (addressing personal jurisdiction analysis with respect to distinct corporate entities).[1]

Accordingly, the motion to stay discovery is **GRANTED**. In the event the resolution of the motion to dismiss does not result in the dismissal of this case, then the parties must file a proposed discovery plan within 14 days of the issuance of such order.

IT IS SO ORDERED.

Dated: May 28, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance.