David B. Owens
California Bar No. 275030
david@loevy.com
Loevy & Loevy
100 S. King St., Ste 100
Seattle, WA 98104
*Counsel for Plaintiff Paul Browning*

Luke A. Busby, ESQ
Nevada Bar No. 10319
Luke Andrew Busby, Ltd.
316 California Ave # 82
Reno, Nevada 89509
luke@lukeandrewbusbyltd.com
*Designated Resident Nevada Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA (LAS VEGAS)

| PAUL LEWIS BROWNING, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT *et al.*, <br><br> Defendants. | Case No. 2:20-CV-01381 <br><br> **DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> Hon. Kent J. Dawson <br> Hon. Cam Ferenbach |
|---|---|

The parties held a planning meeting under Federal Rules of Civil Procedure 26(f) and agreed to this report on December 21, 2020. David B. Owens participated for Plaintiff, and Craig Anderson participated for Defendants Las Vegas Metropolitan Police Department (LVMPD), and the individually named defendants who have been served to date (the LVMPD Defendants).

   1.   **A short statement of the nature of the case:**

Plaintiff Paul Browning alleges that the LVMPD and the individual Defendants caused him to be wrongfully convicted—and given a capital sentence where he sat on death row for more than three decades—for a crime he did not commit. Plaintiff alleges, among other things, that the Defendants suppressed exculpatory evidence and also fabricated evidence in violation of Browning's right to due process. Plaintiff further alleges that his wrongful conviction was also pursuant to and caused by the policies, practices, and customs of the LVMPD.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and has alleged violations of his constitutional rights as well as claims under Nevada state law.

Defendants deny liability on all of Plaintiff's claims.

**2.    Statement of subjects of discovery and the principal factual and legal disputes in this case:**

- Whether the individual Defendants caused Plaintiff to be convicted violation of his constitutional rights.
- Whether the individual Defendants are liable under Nevada State Law on Plaintiff's sate-law claims.
- Whether Defendant LVMPD's policies, procedures, customs, practices, training, or failures to have any of the former, caused the constitutional violations alleged by Plaintiff;
- Any other allegations included in Plaintiff's Complaint;
- Any affirmative defenses asserted by Defendants; and
- The damages suffered by Plaintiff.

**3.    Statement of Jurisdiction:**

This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**4.    Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared:**

2

Defendant Sgt. Curtis Albert has not been served, and it is unclear whether or not Defendant Albert is deceased. Defendants Burt Levos, H. Oren, R. Robertson, and T. Rosen are believed to be deceased, and Plaintiff is still investigating whether any of these defendants have any open Estates or should whether representatives should be appointed on their behalf.

**5.  A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings:**

The parties do not anticipate any additional parties at this time, but may otherwise seek to amend the pleadings, depending on whether new information comes to light through discovery and investigation.

**6.  A list of contemplated motions and a statement of issues to be decided by these motions:**

None at this time.

**7.  The status of related cases pending before other courts or other judges of this court:**

There are no pending related cases.

**8.  Pre-discovery disclosures:**

The parties will exchange their Rule 26(a)(1) disclosures by January 29, 2021.

**9.  Discovery plan:**

**a.  Discovery cut-off:**

The first defendants Answered on October 19, 2020. Dkt. 25. The parties propose a discovery cut-off of 300 days from this date, or Monday, October 18, 2021. The parties seek to extend the deadline contemplated by Local Rule 26-1(b)(1) because of the delays and difficulties that COVID-19 has already imposed in this case, and because counsel expects that COVID-19 will continue to impose delays and difficulties with depositions, traveling for depositions and due to the fact witnesses and parties in this case are spread throughout the United States.

**b.     Deadline for amending the pleadings or adding parties:**

The deadline for filing a motion to amend the pleadings or to add parties is 90 days before the close of discovery, or Monday, May 17, 2021.

**c.     Dates for complete disclosure of expert testimony:**

The deadline for expert disclosures is 60 days before the discovery cut-off, or June 16, 2021. The deadline for disclosure of rebuttal experts is 30 days after the initial disclosure, or Wednesday, January 27, 2020.

**d.     Deadline for the filing of dispositive motions:**

The deadline for the filing of dispositive motions is 30 days after the discovery cut-off, or Tuesday, September 13, 2021.

**e.     The date by which the parties shall file the joint pretrial order:**

The deadline for the joint pretrial order is 30 days after the dispositive-motion deadline, or Thursday October 14, 2021. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

**f.     Depositions:**

The parties shall be entitled to conduct depositions of the (a) parties, (b) individuals identified as potential witnesses pursuant to Rule 26(a), and (c) 10 additional depositions.

**g.     Interrogatories:**

There shall be a maximum of 25 interrogatories by each party to any other party, subject to further agreement by the parties to send additional interrogatories.

**10.     Electronically stored information (ESI):**

Discovery of electronically stored information (ESI) will be handled through an ESI protocol, which the parties will submit by August 7, 2020. The protocol will lay out any areas of disagreement that the parties have regarding ESI discovery.

**11.     Protective order:**

The parties anticipate proposing a stipulated confidentiality order to cover production of documents with protected, sensitive, or other confidential information.

**12.    Privileged information and work product:**

The parties anticipate that there will be some information that is privileged and/or protected by work product. The parties will produce privilege logs where necessary.

**13.    Alternative dispute resolution (ADR):**

The parties anticipate engaging in alternative dispute resolution at some point as the litigation progresses.

**14.    Alternative forms of case disposition:**

The parties decline to consent to trial by a magistrate judge or the use of the Short Trial Program.

**15.    Whether jury trial requested and estimated length:**

Plaintiff has requested a jury trial. The parties estimate a length of trial of 5-10 days.

**16.    Electronic evidence:**

The parties have discussed whether they intend to present evidence in electronic format to jurors. The parties anticipate presenting evidence in electronic format, and will work with the Court to ensure that they are able to present such evidence in a format compatible with the Court's electronic jury evidence display system.

Dated: December 21, 2020                                  Respectfully submitted,

IT IS SO ORDERED.

                                                          **Loevy & Loevy**

                                                          By: *s/ David B. Owens*
_____
Cam Ferenbach                                             Attorney for Plaintiff Paul Browning
United States Magistrate Judge

Dated: 12-22-2020

5

|   |   |
|---|---|
| 1 | |
| 2 | **Marquis Aurbach Coffing** |
| 3 | |
| 4 | By: *s/ Craig R. Anderson* |
| 5 | Bar No: 6882<br>Attorney for Defendants and |
| 6 | Defendants Las Vegas Metropolitan<br>Police Department, Horn, Radcliffe, |
| 7 | Branon, Jolley, Bunker, and Leonard |

### CERTIFICATE OF SERVICE

I, David B. Owens, an attorney, hereby certify that on December 21, 2020, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

*s/ David B. Owens*
Attorney for Plaintiff Paul Browning